IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER JOHN ARENDAS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL<br><br><br><br>Case No. 1:10-CR-123 TS |

On March 29, 2011, the Court held a hearing to determine whether Defendant is competent to stand trial. This Order memorializes the Court's finding, as stated at the hearing, that Defendant is competent to stand trial.

I. BACKGROUND

Defendant is charged with two counts of threatening "to assault, kidnap, and murder a United States Postal Service Clerk whose killing would be a crime under 18 U.S.C. § 1114, with intent to impede, intimidate, and interfere with such official while engaged in the performance of official duties and with intent to retaliate against such official and law enforcement officer on

1

account of the performance of official duties, all in violation of Title 18, United States Code, Section 115."[1]

The government moved for a competency evaluation. On November 10, 2010, a pretrial psychological evaluation was ordered.[2] Defendant arrived at the Metropolitan Detention Center in Los Angeles on December 16, 2010. The evaluation was to last thirty days, however, due to "a high number of evaluation cases and the necessity to hospitalize the defendant at an outside hospital for stabilization twice, additional time to complete the evaluation and report was required."[3]

On March 8, 2011, Dr. Hope issued an evaluation. It found Defendant is suffering from Bi-Polar Disorder and has manic episodes caused by this disorder.[4] During his time at the Metropolitan Detention Center, Defendant was hospitalized twice—once for nine days and once for ten days.[5] The hospitalizations were due to manic episodes of Bi-Polar disorder, and Defendant was forcibly medicated while hospitalized.[6]

The evaluation concludes:

> Mr. Arendas has the cognitive ability to understand the nature and consequences of the court proceedings against him, but his current symptoms of a

---

[1] Docket No. 1, at 1-3.

[2] Docket No. 16.

[3] Docket No. 23, at 3.

[4] *Id.* at 16.

[5] Docket No. 23, at 12.

[6] *Id.* at 16.

mental illness are so prominent that they have significantly interfered with his ability to properly assist counsel in his defense. Throughout the evaluation, he was disruptive and did not consistently respond to directions, his speech contained flights of ideas that could not consistently be interrupted. He lacks any insight that he suffers from a mental illness, and is likely to want to engage in counterproductive legal strategies against the advice of his attorney. Furthermore, it is suggested that his presence in the courtroom would be counter productive given his current presentation.

Hence, it is recommended that Mr. Arendas be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. Section 4241(d). The commitment period would allow for mental health treatment to assist Mr. Arendas in gaining improvement in his condition, and regaining his ability to fully participate in the court process, and determine whether or not he could be restored to competency in the foreseeable future. Based on his continued resistance to psychiatric evaluation and treatment at this facility, Mr. Arendas is likely to require involuntary treatment and the medical centers have due process procedures established to address this issue.

According to the evaluation, Defendant's cognitive abilities are sufficient for him to stand trial. He "demonstrated an adequate understanding of the nature and consequences of the court proceedings against him," including an understanding of: the criminal charges against him—he was able to quote them; the pleas of guilty, not guilty, and not guilty by reason of insanity; possible court motions; courtroom participants; courtroom procedures; the functions of a jury; the difference of a bench trial and a jury trial; his constitutional rights within the criminal justice system; that he is currently represented by counsel and the steps he would have to take in order to have a different attorney represent him.[7]

However, according to the report, while Defendant understands appropriate courtroom behavior and procedures, "he was clear that he did not plan to follow the necessary courtroom

---

[7]*Id.* at 17-18.

decorum."[8] He stated that he plans on speaking out in court to ensure the judge hears what Defendant has to say, and rehearsed his intended statement often while at the medical facility.[9] In his interviews, once Defendant begins speaking on a topic, it is often difficult and, at times, impossible to re-direct or interrupt him.

Prior to the hearing on this matter, Defendant consulted with his counsel and reviewed Dr. Hope's report and the Warden's letter regarding his mental evaluation. In responding to questions by the Court, Defendant demonstrated a sufficient understanding of the charges against him and the legal system. He also demonstrated the ability to sit quietly and respectfully and allow his counsel to make arguments on his behalf.

## II. DISCUSSION

"The Constitution forbids the trial of a defendant who lacks mental competency."[10] "The test for competency to stand trial asks whether a defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"[11] 18 U.S.C. § 4241(c) provides that a hearing on competency "shall be conducted pursuant to the provisions of section 4247(d)." Under § 4247(d), the Court must hold a hearing and Defendant must have his

---

[8] *Id.* at 19.

[9] *Id.*

[10] *United States v. DeShazer*, 554 F.3d 1281, 1285 (10th Cir. 2009) (citing *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)).

[11] *Id.* at 1286 (quoting *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000)).

4

opportunity to testify, to present evidence, to subpoena witnesses and to cross-examine any witnesses.[12]

The Court shall determine if Defendant is competent by a preponderance of the evidence.[13] At a competency hearing, the court may adopt the mental evaluation report, but must also consider any other evidence.[14] "'When assessing a defendant's competence, the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.'"[15] Defense "counsel is often in the best position to determine whether a defendant's competency is questionable. Nonetheless, the concerns of counsel alone are insufficient to establish doubt of a defendant's competency."[16]

The Tenth Circuit "has long recognized that '[t]he presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to . . . assist in his own defense.'"[17] Similarly, a Defendant can be found competent for trial even though there is recommendation that a defendant's mental condition be treated with drugs.[18] It "is not clearly

---

[12] 18 U.S.C. §4247(d).

[13] 18 U.S.C. § 4241(d).

[14] *Mackovich*, 209 F.3d at 1231.

[15] *DeShazer*, 554 F.3d at 1286 (quoting *Mackovich*, 209 F.3d at 1232).

[16] *Mackovich,* 209 F.3d at 1233 (quoting *Bryson v. Ward*, 187 F.3d 1201-02 (10th Cir. 1999) (habeas petition alleging error from state court's finding that defendant was competent)).

[17] *Id*. (quoting *Wolf v. United States,* 430 F.2d 443, 445 (10th Cir.1970)).

[18] *Id.*

5

erroneous for a district court to declare a defendant competent by adopting the findings of one expert and discounting the contrary findings of another."[19]

In *Dusky v. United States*,[20] the Supreme Court set out the standard for determining a defendant's competency to stand trial as whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."[21]

The Court has considered Dr. Hope's Report, the Warden's letter, and the evidence presented at the hearing consisting of Defendant's arguments that the evaluation report is not valid because Dr. Hope only interviewed Defendant for a total of two hours, a substantial portion of which was spent on Defendant's answering the question of where he has lived—Defendant is a self-proclaimed "traveler." The Court has had the opportunity to observe the Defendant. Based upon the entire record and the Court's observations, the Court finds by a preponderance of the evidence that Defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and that he has a rational as well as factual understanding of the proceedings against him." The Court finds that Defendant is able to assist in his defense. Consequently, the Court finds that Defendant is competent to stand trial at this time.

---

[19]*Id.* (citing *Miles v. Dorsey*, 61 F.3d 1459, 1473-74 (10th Cir. 1995) (10th Cir. 1998) (court does not error by assigning more weight to the findings of competency of one psychiatrist than to the testimony of the psychiatrist retained by the defendant).

[20]362 U.S. 402, (1960).

[21]*Id.* at 402.

## III.  CONCLUSION

It is hereby

ORDERED that Defendant is competent to stand trial.  A two-day trial in this matter is scheduled to begin on June 27, 2011, at 8:30 a.m.  A final pretrial conference is scheduled for June 7, 2011, at 2:00 p.m.  As addressed more fully in a separate order, the Court excludes the time from filing the motion to date of the new trial as related to issues of establishing Defendant's competence to stand trial. 18 U.S.C. § 3161(h)(1)(A) (delay resulting from any proceedings to determine the mental competency of the defendant).

DATED   March 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge