IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PETER JOHN ARENDAS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER MANDATING SECOND COMPETENCY EXAMINATION AND REPORT<br><br><br><br>Case No. 1:10-CR-123 TS |

       The Court held a second hearing to address the issue of whether Defendant is competent to stand trial. This order memorializes the Court's ruling from that hearing. For the reasons discussed more fully below, the Court finds that an additional psychological evaluation to determine Defendants competency is necessary.

## I. BACKGROUND

       Defendant is charged with two counts of threatening "to assault, kidnap, and murder a United States Postal Service Clerk whose killing would be a crime under 18 U.S.C. § 1114, with intent to impede, intimidate, and interfere with such official while engaged in the performance of official duties and with intent to retaliate against such official and law enforcement officer on

1

account of the performance of official duties, all in violation of Title 18, United States Code, Section 115."[1]

Previously, the government moved for a competency evaluation and on November 10, 2010, the Court ordered a pretrial psychological evaluation.[2] Defendant arrived at the Metropolitan Detention Center in Los Angeles on December 16, 2010. Defendant's evaluation was performed by Dr. Lisa Hope, a forensic psychologist with the Federal Bureau of Prisons.[3] Dr. Hope has conducted approximately 500 court ordered competency evaluations.[4] According to Dr. Hope, she spent approximately 35-40 hours personally evaluating Defendant and also, in reaching her opinion, relied upon additional hours of observations of Defendant by staff members.[5]

On March 8, 2011, Dr. Hope issued an evaluation finding Defendant suffers from Bi-Polar Disorder and has manic episodes caused by this disorder.[6] During his time at the Metropolitan Detention Center, Defendant was hospitalized twice—once for nine days and once

---

[1] Docket No. 1, at 1-3.

[2] Docket No. 16.

[3] Docket No. 38, Ex. A, at 1.

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 16.

for ten days.[7] The hospitalizations were due to manic episodes of Bi-Polar disorder, and Defendant was forcibly medicated while hospitalized.[8]

The evaluation concludes:

> Mr. Arendas has the cognitive ability to understand the nature and consequences of the court proceedings against him, but his current symptoms of a mental illness are so prominent that they have significantly interfered with his ability to properly assist counsel in his defense. Throughout the evaluation, he was disruptive and did not consistently respond to directions, his speech contained flights of ideas that could not consistently be interrupted. He lacks any insight that he suffers from a mental illness, and is likely to want to engage in counterproductive legal strategies against the advice of his attorney. Furthermore, it is suggested that his presence in the courtroom would be counter productive given his current presentation.
> Hence, it is recommended that Mr. Arendas be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. Section 4241(d). The commitment period would allow for mental health treatment to assist Mr. Arendas in gaining improvement in his condition, and regaining his ability to fully participate in the court process, and determine whether or not he could be restored to competency in the foreseeable future. Based on his continued resistance to psychiatric evaluation and treatment at this facility, Mr. Arendas is likely to require involuntary treatment and the medical centers have due process procedures established to address this issue.

According to Dr. Hope's evaluation, Defendant's cognitive abilities are sufficient for him to stand trial. However, Dr. Hope also stated that Defendant "was clear that he did not plan to follow the necessary courtroom decorum."[9] Defendant stated that he plans on speaking out in court to ensure the judge hears what Defendant has to say, and rehearsed his intended statement

---

[7]Docket No. 23, at 12.

[8]*Id.* at 16.

[9]*Id.* at 19.

often while at the medical facility.[10] For these reasons, the evaluation recommended that the Court find Defendant not competent to assist in his own defense.

On March 29, 2011, the Court held a hearing to determine Defendant's competency to stand trial. During the hearing the Defendant testified that Dr. Hope "only interviewed Defendant for a total of two hours, a substantial portion of which was spent on Defendant's answering the question of where he has lived."[11] Based upon the entire record and the Court's observations, the Court found by a preponderance of the evidence that Defendant had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and that he had a rational as well as factual understanding of the proceedings against him. Consequently, the Court found that Defendant was competent to stand trial at that time and scheduled a two-day trial to begin June 27, 2011.

Subsequently, the Court received an affidavit from Dr. Hope indicating, as referenced above, that she spent 35-40 hours personally evaluating the Defendant. Additionally, since the previous competency hearing, the Court has received correspondence from the Defendant that has caused the Court to reconsider its previous finding. As a result, the Court held a second hearing to further determine Defendant's competency. During that hearing the Court observed Defendant's behavior and demeanor and inquired as to the discrepancy between Defendant's testimony and Dr. Hope's affidavit as to the amount of time spent conducting Defendant's first

---

[10]*Id.*

[11]Docket No. 31, at 6.

4

competency evaluation. As a result of the hearing, the Court found that a second competency evaluation is necessary.

## II. DISCUSSION

"The Constitution forbids the trial of a defendant who lacks mental competency."[12] Here, the Court previously ordered a competency evaluation and hearing and found the Defendant competent to stand trial.

The Tenth Circuit recently addressed the narrow issue of whether the Court may order a second competency evaluation and hearing in *United States of America v. Martinez-Haro*.[13] In that case, the district court ordered a second competency evaluation, on motion from the government, after an initial evaluation found the defendant to be incompetent to stand trial.[14] The defendant argued that 18 U.S.C. § 4241(b) only authorizes the district court to order a single competency examination.[15] The Tenth Circuit held:

> The statute authorizes district courts to order competency hearings as need be. The statute does not contain any language restricting a district court from ordering multiple hearings. The statute does not state that the court may order only one psychiatric or psychological examination. And the statute does not state that the court may order just a single psychiatric or psychological examination. While the statute does not explicitly address the issue raised by Martinez–Haro, it does state that "if the court finds it appropriate, [then the court can order an examination] by more than one such examiner." Nothing in this language limits the second examiner to the initial examination of the defendant nor does the language restrict

---

[12]*United States v. DeShazer*, 554 F.3d 1281, 1285 (10th Cir. 2009) (citing *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)).

[13]--- F.3d ----, 2011 WL 2465843 (10th Cir. June 22, 2011).

[14]*Id.* at *1.

[15]*Id.* at *4.

5

the ability of the court to order a second examination after the initial examination. Therefore, we refuse to read into the statute's language the restriction suggested by Martinez–Haro. Instead we read the statute to authorize a district court to order a second competency hearing when appropriate.[16]

Based on this Tenth Circuit precedent, this Court has discretion to take steps necessary to determine whether a Defendant is competent to stand trial and may order a second competency evaluation or hearing where appropriate.

In *Martinez–Haro*, the district court ordered the second evaluation because the first evaluation specifically recommended further testing in Spanish and the examining doctor "expressed a willingness to revise her conclusion based on further testing."[17] The Tenth Circuit held that these were "legitimate reasons for the district court to order a second competency examination."[18]

Here, the Court's original finding that Defendant was competent was in contravention of the first competency evaluation. Further, in reaching it's previous finding of competency, the Court relied upon Defendant's testimony that Dr. Hope's evaluation lasted no more than two hours. This testimony has now been called into question by the affidavit of Dr. Hope, which asserts that Dr. Hope spent between 35-40 hours personally evaluating Defendant. Additionally, since the time of the first competency hearing, the Court has received personal correspondence from Defendant that has given the Court reason to question its original finding of competency.

---

[16]*Id.* (quoting 42 U.S.C. § 4247(b)).

[17]*Id.* at *5.

[18]*Id.*

6

For the foregoing reasons, the Court finds it appropriate to order a second competency evaluation of Defendant.

### III. CONCLUSION

Therefore, it is hereby ORDERED, that a pretrial, in-custody, neurological and psychiatric examination as provided for in 18 U.S.C. § 4241(a) be conducted to determine the mental competence of the Defendant and his sanity at the time of the offense. Specifically, the Court orders that, pursuant to 18 U.S.C. § 4247(b), the Defendant shall remain in the custody of the Bureau of Prisons during the time period required for this evaluation.

It is hereby ordered that the neurological and psychiatric examination of the defendant be conducted for the purposes of determining: (1) his competency to properly assist in his own defense; and (2) his competency to understand the nature and consequences of the proceeding against him.

Pursuant to 18 U.S.C. § 4247(c), the examination should address these questions as well as provide the following additional information:

1. The defendant's history and present symptoms;

2. A description of the psychiatric, psychological, and medical tests that were employed and their results;

3. The examiner's findings; and

4. The examiner's opinions as to diagnosis and prognosis, and –

(A) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court ORDERS that, pursuant to 18 U.S.C. § 4247, a psychiatric and neurological report be prepared and filed with the Court. Copies of this report are to be provided to:

Stanley H. Olsen
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506

and

Mark E. Kittrell
Fabian and Clendenin
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-1506

This evaluation is to be completed by the Bureau of Prisons while the Defendant remains in the custody of the U.S. Marshal's Service. At the conclusion of the evaluation the Court orders that the Defendant be returned to the District of Utah as soon as possible.

Moreover, this Court ORDERS that Speedy Trial time be tolled pursuant to 18 U.S.C. §§ 3161(h)(1)(a) and 3161(h)(7)(A) until a hearing can be held to determine the defendant's mental competency. The Court FINDS that failure to grant such a continuance under the Speedy Trial Act in this proceeding would make a continuation of such proceeding impossible because the Defendant's mental competency is integral towards the Defendant proceeding to trial, entering a "guilty" plea, or having the criminal charge dismissed because of Defendant's mental incompetency.

Finally, this Court FINDS that the granting of the continuance is based upon the fact that the ends of justice served by taking such action (granting the continuance) outweighs the best interest of the public and the defendant in a speedy trial.

The Court specifically allows that, if necessary to expedite this evaluation, a licensed forensic psychologist may conduct this evaluation.

DATED   August 9, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge