IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>PETER JOHN ARENDAS,<br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR HOSPITALIZATION OF A PERSON DUE FOR RELEASE, PURSUANT TO 18 U.S.C. § 4246<br><br>Case No. 1:10-CR-123 TS |

This matter is before the Court on the government's Motion for Hospitalization of a Person Due for Release, Pursuant to 18 U.S.C. § 4246. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

On October 14, 2010, Defendant was arrested on charges of two counts of threatening a United States Postal Service Clerk. The Court subsequently held competency hearings in this case on May 29, 2011, and July 28, 2011, which resulted in a finding that Defendant was not competent to stand trial.

On October 16, 2012, the Court granted the parties' stipulated motion for an order directing the Bureau of Prisons ("BOP") to produce a report that includes an analysis of the factors for forcibly medicating an incompetent defendant, as delineated in *Sell v. United States*.[1] The BOP provided its *Sell* report on October 24, 2012, and the Court held a hearing on the issue of forcible medication on December 18, 2012.

On December 19, 2012, the Court issued an order in which it stated that an analysis of Defendant's dangerousness pursuant to 18 U.S.C. § 4246 would aid the Court's determination of whether the government has an important governmental interest in forcibly medicating Defendant. On January 15, 2013, the government moved the Court to reconsider its December 19 order, arguing that a § 4246 dangerousness assessment performed by the BOP at that point in time was inappropriate because § 4246 did not then apply to Defendant. On February 2, 2013, the Court granted the government's motion. On February 21, 2013, the Court granted the parties' stipulated designation of Dr. Jonathan Bone as a local expert who could provide an opinion as to Defendant's dangerousness as well as whether he satisfied the requirements for civil commitment.

On April 26, 2013, Dr. Bone provided his report to the Court. In his report, Dr. Bone found that Defendant poses a moderate, but not substantial, risk of danger to people or property, and that his "age and relative lack of history of actual violence reduce his risk to engage in future violence."[2] Based on the report, the Court concluded in its order of May 6, 2013, that "it cannot

[1]539 U.S. 166 (2003).

[2]Docket No. 105, at 11.

be said that the evidence that Defendant poses a substantial risk of danger is clear and convincing."[3]

On May 6, 2013, the Court denied the government's motion for involuntary medication. On May 8, 2013, the government filed its Motion for Hospitalization of Person Due for Release, Pursuant to 18 U.S.C. § 4246. On May 14, 2013, Defendant filed his opposition. The government has indicated that it does not intend to file a reply.

## II. DISCUSSION

The government moves the Court for an order committing Defendant to the custody of the BOP for a determination of Defendant's dangerousness pursuant to 18 U.S.C. § 4246. The court finds that the government's Motion must be denied because (1) a dangerousness assessment would be futile and (2) Defendant's further confinement would violate his due process rights.

First, the Court finds that conducting further analysis of Defendant's dangerousness would be futile. Dr. Bone's report indicates that Defendant poses a moderate, but not substantial, risk of danger to people or property, and that his "age and relative lack of history of actual violence reduce his risk to engage in future violence."[4] The BOP is therefore not likely to conclude that Defendant poses a "substantial risk of bodily injury to another person or serious damage to property of another . . . ."[5]

---

[3]Docket No. 107, at 13.

[4]Docket No. 105, at 11.

[5]18 U.S.C. § 4246(a).

The government suggests that, were the BOP to conduct its own dangerousness analysis based on the federal civil commitment statute, its opinion could differ from Dr. Bone's, whose opinion was based on Utah's civil commitment statute. However, the government does not point to any differences in the state and federal statutes that could justify a conclusion that Defendant is dangerous under § 4246. Although the federal statute considers whether a defendant poses a risk of "damage to property of another,"[6] while the state statute does not, Dr. Bone's report specifically addressed the risk of danger to property when he opined that Defendant is "at *moderate risk* to engage in violent behavior toward a person or persons *or to enact serious damage to the property of another*."[7] Because there is no reason to expect that the BOP's analysis of the §4246 dangerousness factors would be different from Dr. Bone's, the Court concludes that such an analysis would only serve to waste government resources and unnecessarily prolong Defendant's already lengthy confinement.

Second, due process considerations favor denial of the Motion.[8] As of the date of this Order, Defendant will have been confined for more than 31 months, a period of detention that is roughly equal to the amount of time he would be expected to serve if found guilty. "[I]t is difficult to identify the precise time at which an incompetent defendant's continued detention

---

[6] 18 U.S.C. § 4246(a).

[7] Docket No. 105, at 11.

[8] *See Jackson v. Indiana*, 406 U.S. 715, 730 (1972) ("[I]ndefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process."); *United States v. Magassouba*, 544 F.3d 387, 416–17 (2d Cir. 2008) (considering the totality of the circumstances to determine whether a defendant has been detained for a constitutionally unreasonable period of time).

becomes presumptively unreasonable."[9] Nevertheless, the Court finds that given Defendant's current incompetence, his lack of dangerousness, and the lengthy period of time he has been detained, Defendant's continued confinement would violate Defendant's due process rights.

IV. CONCLUSION

It is therefore

ORDERED that the government's Motion for Hospitalization of a Person Due for Release, Pursuant to 18 U.S.C. § 4246 is DENIED. The government has stated that if its Motion is denied, it will seek leave from the Court to dismiss the Indictment immediately. The court will take the government at its word and will expect that an appropriate motion will be filed forthwith.

DATED May 15, 2013.

BY THE COURT:

TED STEWART
United States District Judge

[9] *Magassouba*, 544 F.3d at 417.